UNITED STATES DISTRICT COURT
Middle District of Pennsylvania

FILED
OCT 20 2014
PER ___
HARRISBURG, PA DEPUTY CLERK

Michael Luna Jr.
   Plaintiff

Civil Case No.
1:14-CV-2028

vs.

D.H.O. Mr. A. Jordan, C.O. Ms. Housier
C.O. Mr. Stevee, C.O. Mr. R. Weaver
Warden Mr. J.E. Thomas and
The United States

Complaint with
Jury Demand

1.) This is a Civil Rights Action filed by Michael Luna Jr. a federal prisoner for damages under Bivens v. Six Unknown Named agents of Fed. Bureau of Narcotics 403 U.S. 388 (1971) alleging Cruel and Unusual Punishment in violation of the Eighth Amendment to the U.S. Constitution and Denial of Due Process in connection with D.H.O. proceedings in violation of the Fifth Amendment to the U.S. Constitution. Plaintiff also alleges "Excessive Force and Deliberate Indifference."

2.) The plaintiff Michael Luna Jr. also alleges the Tort of Personal Injury, Assault, Negligent, and Infliction of Emotional Distress. Under the Federal Tort Claim Act.

I. Jurisdiction

3.) This court the Middle District of Pennsylvania has jurisdiction over the plaintiffs claim of violation of Federal Constitution Rights under U.S.C. § 1331 and 1343:

4.) This court also has jurisdiction over plaintiff's Tort Claim

-1-

under the Federal Tort Claim Act.

## II. Plaintiff

5.) The plaintiff Michael Luna Jr., was incarcerated at the Special Management Unit (S.M.U.) at Lewisburg, Pennsylvania during the events discribed in this complaint. He is currently confined at the (S.M.U.) Stepdown at Allenwood in White Deer, Pennsylvania.

## III. Defendants

6.) Defendant Mr. A. Jordan He is the Disciplinary Hearing Officer (D.H.O.) at (S.M.U.) in Lewisburg, Pennsylvania. and is responsible for conducting disciplinary hearings for prisoner accused of breaking prison rules. He is being sued in his individual capacity.

7.) Defendant Mr. J.E. Thomas, is the Warden at (S.M.U.) in Lewisburg, Pennsylvania and is in charge of supervision and discipline of all correctional staff at Lewisburg. He is being sued in his individual capacity.

8.) Defendants Mr. R. Weaver, Ms. Housier, and Mr. Stever, are correctional officers employed at (S.M.U.) in Lewisburg, Pennsylvania. They are being sued in His/Her individual capacity.

9.) Defendant The United States, is being sued under the Federal Tort Claim Act.

10.) Each Defendant is being sued individual and in His/Her official capacity. At all times mentioned in this complaint each defendant acted under the color of Federal Law.

-2-

# IV. Facts

11.) On June, 23, 2013 inmates Medina #31547-013, and Manriquez #60095-065 engaged in a verbal altercation with defendants Ms. Hoosier, and Mr. Stever, and another unidentified officer.

12.) On June, 24, 2013 while running recreation. Correctional officers escorting plaintiff Michael Luna Jr. and his cellmate Robert Reyes #30105-280. Attempted to place plaintiff and his cellmate into a recreation cage with inmates Medina #31547-013 and Manriquez #60095-065 who had the verbal altercation with mentioned defendants Mr. Stever, Ms. Hoosier and unknown officer. In hopes that plaintiff and his cellmate would impose punishment on inmates Medina and Manriquez.

13.) However, associates of plaintiff interceded on plaintiff's behalf and told the officers that plaintiff and his cellmate did not belong in the recreation cage with Medina and Manriquez and other associates of theirs. At this time officers complied and placed plaintiff and his cellmate in the proper cage.

14.) Based upon information and belief relevant to this complaint. There has been a pattern and series of incidents at (S.M.U.) Lewisburg. In which, support the general allegation. That if a prisoner gets into a verbal altercation or through other means comes to be in bad standing with a correctional officer. They "intentionally and Negligently" disregard the "Separatee Order" found in "Program Statement" and place prisoners in a cage/cell with rival groups so that "punishment and excessive force" can be imposed.

15.) On June, 25, 2013. plaintiff and his cellmate while being

-3-

escorted to recreation. Were once again intentionally separated from their associates and place inside an empty recreation cage. Plaintiff and his cellmate entered the cage without argument considering that the cage they were being placed into was empty at the time.

16.) After plaintiff and his cellmate were placed in the cage. It was at this time that defendant Officer Mr. R. Weaver, and another unidentified officer escorting inmates Medina #31547-013 and Manriquez #60095-016 attempted to place them into the recreation cage with plaintiff and his cellmate.

17.) Both inmates Medina and Manriquez stated/informed defendant Mr. R. Weaver that they were not compatible to enter recreation cage with plaintiff and his cellmate due to security concerns and a "Separation Order."

18.) Under (S.M.U.) "Program Statement" 5180.05 Central Monitoring System (CIM) Assignment Categories section 542.72 (d) Disruptive Group and (f) Separation. The (S.M.U.) is governed by P.S. 5217.01 "Special Management Unit."

19.) Defendant Mr. R. Weaver, then called back to C-Block where all mentioned inmate including plaintiff and his cellmate were being housed. He spoke to defendant Mr. Stover to verify whether there was any security concerns and whether they Medina and Manriquez were compatible to enter recreation cage with plaintiff and his cellmate.

20.) Defendant Mr. Stover then "Intentionally and Negligently" falsely verified that inmates were compatible and that there was no security concerns/threats.

-4-

21.) Thereafter, defendant Mr. R. Weaver with complete indifference to inmates Medina and Manriquez statement of there being a threat/concerns for their safety. Defendant Mr. R. Weaver, "Intentionally and Negligently" proceed to place both inmates into recreation cage.

22.) Furthermore, I plaintiff would like to stress this part. Upon them entering the cage. All (4) mentioned inmates mentioned so far. Decided to shake hands and declare a peace.

23.) Notes: That defendant Mr. R. Weaver, and inmates Medina, and Manriquez statement is clearly documented in D.H.O. report that is attached as (Exhibit A) plus there is video tape that is recorded in each cage that will verify all mentioned statements.

24.) Shortly Thereafter, other unknown correctional officer. With complete disregard/indifference to the threat and safety of everyone involved. Brought yet another inmate Rivera Espinoza-Rodriguez #60594-097 and proceed to place him into recreation cage.

25.) This inmate is also a known "Separatee" of plaintiff and his cellmate. Upon entering the recreational cage he immediately attacked the plaintiff's cellmate. At which time inmates Medina, and Manriquez followed suit. It was now (3) on (2) and a full fledge brawl erupted.

26.) Prior and after this incident. Plaintiff and his cellmate were always placed recreation cage #(2) with (4) other associates. While inmates Medina and Manriquez were placed in recreation cage #(4) with (2) to (4) other associates of theirs.

27.) On this particular day June, 25, 2013 plaintiff and his cellmate were

-5-

supposed to be placed in cage #(2) with their associates. Although correctional officers escorting plaintiff and his cellmate by-passed not only cage #2 where their associates were placed. But cage #(3) which was empty as well was by-passed and plaintiff and his cellmate were placed in cage #4.

28.) Therefore, it is upon belief by plaintiff and confornmation to statement #14 of this complaint. That defendants Mr. R. Weaver, Mr. Stence, Ms. Housier and other unknown officers. That this incident was planned. "Intentionally Negligently, and with complete Indifference to all mentioned inmates health and safety. Not to mention a direct Threat/danger to their lives.

29.) Officer then rushed the cage to restore order with their batons and shooting inmates with MK-4 O.C. In between, the Excessive Force by correctional officers and the Assault by inmates/Seperatees. Plaintiff was savagely beaten upon the head to the point of unconsciousness.

30.) As a result plaintiff substained critical life threating injuries. Plaintiff was savagely beaten upon the head by both officials with their batons and inmates with their fist and feet to the point of unconsciousness Resulting in a fractured skull which was split open and that required between (25) to (50) stitches to amend. A bruised and swollen face that later required (2) broken tooth to be removed and the body took a severe beating as well. Not to mention irrepiarable damage in the form of psychological and emotional distress. Medical Record attached as (Exhibit B).

31.) On June, 25, 2013 plaintiff Michael Luna Jr, was served with a disciplinary charges. Codes: 201-Fighting with another person and

307- Refusing an order. Charges attached as (Exhibit C).

32.) The plaintiff requested that hearing officer, Defendant Mr. A. Jordan to call as witness inmate Robert Reyes # 30105-280 which was served with same charges.

33.) The plaintiff also requested that the hearing officer, Defendant Mr. A. Jordan to review the (S.M.U.) segregation roster of all inmates involved that would reveal the inmates Separatee Order and their incompatibility.

34.) Defendant Mr. A. Jordan, failed/refused to review segregation roster as requested by plaintiff and He failed to consider plaintiff defense that the violations were unjustifiably caused by the defendants Mr. R. Weaver, Mr. Stever, and Ms. Flousier's misconduct.

35.) After the hearing, Plaintiff Michael Luna Jr, asked disciplinary officer Mr. A. Jordan, How was it that he could find us plaintiff and his cellmate guilty of defending ourselves and not see the wrong that his officers committed. He stated: That he could only punish us for/hold us responsible for our actions. Although, he could not hold his officers responsible for their actions. Yet in Part III section (B) of disciplinary report states: Inmate Luna made no complaints of procedural errors during the hearing. Disciplinary report attached as (Exhibit A).

36.) Plaintiff Michael Luna Jr, and his cellmate Robert Reyes # 30105-280 were both found guilty and recieved identical sanctions. Although as a bargaining chip some of plaintiff's sanctions were suspended. See Sanction in disciplinary report attached as (Exhibit A)

-7-

37.) After the hearing the plaintiff recieved a (D.H.O.) report signed by defendant Mr. A. Jordan, stating "Guilty as Charged" based on staffs statements. Which were "Contradictive and Untrue".

38.) According to Mr. J.L. Norwood, Regional Director, in his statement: "A thorough review of the record revealed questions concerning the disciplinary process. Based on this review it was determined this action and the sanction imposed will be expunged. Both appeal No. 748996-R1 and Regions response are attached as (Exhibit D)

## I. Exhaustion of Legal Remedies

39.) As stated behind the (BP-9) form. Plaintiff Michael Luna Jr., by-passed (BP-8 & BP-9) Fearing for his life and Do to the fact that plaintiff felt his life would be in danger of retaliation and continued harrassment by both Administrative Staff and it's employees at (SMU.) Lewisburg.

40.) Although pursuant to prison procedures and policies. The plaintiff Michael Luna Jr. filed an Administrative Appeal (BP-10) pionting out the facts that staff unjustifiably cause the violations by Intentionally and Negligently placing known inmates with "Separatee Order" in grave danger with complete indifference and total Negligents. Both appeal and response attached as (Exhibit D)

41.) On Febuary, 28, 2014 plaintiff Michael Luna Jr., filed an Administrative Claim/Standard 95 form. In an attempted of exhausting all his Administrative Remedies.

-8-

42.) On September, 1, 2014 plaintiff Michael Luna Jr. recieved a letter dated August, 27, 2014 denying plaintiff's claim. Stating: Insufficient evidence to support my claim. That plaintiff's injuries were not caused by any negligence on the part of any Bureau of Prison employee. Notice of denial attached as (Exhibit G.)

43.) Defendant Mr. J.E. Thomas thereby continues to deny/turns a blind eye to the continuous wrongful acting and negligence of his employees there at (SMU) Lewisburg.

44.) In (Exhibit A) evidence clearly shows the statement of inmates Medina and Manriquez letting defendant Mr. R. Weaver know of the impending threat. It also shows the false verification by Defendant Mr. Stever to Defendant Mr. R. Weaver that there was no threat and that inmates were compatible to be in cage together. Then it shows defendant Mr. R. Weaver placing them in cage #4 with complete indifference and then just walking away.

45.) A few minutes later videos will later show that after all mentioned incidents happened in statement #44 of this complaint and there was still no fighting by inmates Medina, Manriquez, Luna, and Reyes. Officers/Employees then deliberately and with complete indifference to the threat and safety of inmates already in recreation cage #4 placed yet another inmate Ruvin Espinoza-Rodriguez with a "Separatee Order" against plaintiff and his cellmate Robert Reyes which then caused the whole brawl to take place.

## VI. Claim of Relief

46.) The United States is liable under the doctrine of "Respondant Superior" for the Federal Tort Claim Act of it's

-9-

employees herein.

47.) The actions of defendants Mr. Stever, Mr. R. Weaver, and Ms. Housier in coordinating the "Brawl" in recreation cage #4 in retaliation against inmates Medina #31547-013 and Manriquez #60095-016 was done "Maliciously and Sadisticly". It also constituted the claim of Cruel and Unusual Punishment with Excessive Use of Force and conspirationally planned discipline.

48.) The actions of defendants Mr. R. Weaver, Ms Housier, and Mr. Stever in coordinating the "Brawl" and "Use of Force" incident in recreation cage #4 also constituted the Federal Tort Claim Act of "Assault and Personal Injury" by both Inmates and Staff/Employees under the law of Pensylvania.

49.) The actions of defendants Mr. Stever, and Ms Housier in coordinating the "Brawl" by "Falsely Verifying" the inmates compatibility also constituted the Federal Tort Claim Act of "Intentional Negligent and Emotional Distress".

50.) The actions of defendant Mr. R. Weaver in failing to intervene to prevent the "Assault and Personal Injury" constituted the "Deliberate Indifference and Intentional Negligent" to plaintiff and other prisoners health and safety. It also contributed too and proximately caused the above discribed violation of "Cruel and Unusual Punishment, Excessive Use of Force, and Due Process."

51.) The actions of defendant Mr. A. Jordan in refusing to review the segregation roster requested by plaintiff and refusing

-10-

to consider plaintiff's defense to staff's misconduct, and to turning a blind eye with a complete "Indifference" to known patterns of conspiratorial planned assaults. Denied the plaintiff "Due Process of Law".

52.) The failure of defendant Mr. J.E. Thomas to take disciplinar action or other means to curb the continuous known patterns of physical abuse of prisoners at (S.M.U.) Lewisburg. It also constituted the "Deliberate Indifference and Intentional Negligent" to plaintiff and other prisoners health and safety. It also contributed to and proximately caused the above discribed violation of Due Process, Cruel and Unusual Punishment, Excessive Use of Force, Assault, and Personal Injury".

## VII. Prayer for Relief

Wherefore, plaintiff Michael Luna Jr. prays for judgement in his favor and damages in his favor against all defendants in an amount sufficient to compensate him for the pain and mental anguish suffered by him due to the deliberate indifference, and intentional misconduct of defendants, but in no event less than $350,000, together with his attorney's fees and cost and such additional relief as this Court may deem just and proper.

## Verification

Pursuant to 28 U.S.C. § 1746 I have read the foregoing complaint and hereby verify that the matters alleged therein are true, and correct. Except as to matters alleged on in-

formation and belief and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Dated on this __14__ day of __October__ 2014.

Respectfully Submitted
By: Michael Luna Jr.
Michael Luna Jr. #36954-280
United States Penitentiary Allenwood
P.O. Box 3000
White Deer, PA  17887

Office of the Clerk
United States District Court
Middle District of Pennsylvania
United States CourtHouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

FILED

OCT 2 0 2014

PER _____
HARRISBURG, PA   DEPUTY CLERK

Dated: Oct, 14, 2014.

Re: Filing of Federal Action under
Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotic
/Federal Tort Claim Act

Dear Clerk,
          Enclosed for filing Please! find the following
documents:

      1- Authorization Form
      2.- Application to Process In Forma Pauperis
      3- Complaint with Jury Demand
      4- Motion for Appointment of Counsel

No SASE

      As proof of recient Please! place your file mark on a
copy of this letter and return same in self addressed stamped
envelope enclosed for your convenience.

                              Sincerely
                          Michael Luna Jr.
                          Michael Luna Jr.