# DISCIPLINE HEARING OFFICER REPORT
## U.S. DEPARTMENT OF JUSTICE

**BP-S305.052 MAY 94**
**FEDERAL BUREAU OF PRISONS**

| INSTITUTION | USP Lewisburg | INCIDENT REPORT NUMBER | | 2460663 |
|---|---|---|---|---|
| INMATE NAME | LUNA, Michael | REG NO | 36954-280 | UNIT | C-Block |

| DATE OF INCIDENT | 06-25-2013 | DATE OF INCIDENT REPORT | 06-25-2013 |
|---|---|---|---|

| OFFENSE CODE(S) | 201, 307 |
|---|---|
| SUMMARY OF CHARGES | Fighting with another Person, Refusing an Order |

## I.   NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) 06-25-2013 at (time) 10:34 am (by staff member) R. Johnson, Lt.

B. The DHO Hearing was held on (date) 07-10-2013 at (time) 1:00 pm

C. The inmate was advised of his/her rights before the DHO by (staff member): K.A. Metzger, Counselor on (date) 06-26-2013 and a copy of the advisement of rights form is attached.

## II.   STAFF REPRESENTATIVE

| | | Yes: | | No: | | XX |
|---|---|---|---|---|---|---|
| A. Inmate waived right to staff representative. | | | | | | |

B. Inmate requested staff representative and H. Rich appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: N/A

| D. Staff representative | H. Rich | was appointed. |
|---|---|---|

E. Staff representative statement:

Mr. Rich appeared as a staff representative on behalf of inmate Luna during the DHO hearing. Mr. Rich stated inmate Luna made no specific request of him as a staff representative in this case. Mr. Rich reviewed the incident report, supporting documentation and video evidence prior to the DHO hearing. Mr. Rich stated she had no first hand knowledge of the incident in this case. Mr. Rich stated he had no further information to present, nor statement to make, regarding this case.

## III.   PRESENTATION OF EVIDENCE

| A. Inmate admits | | denies | X | the charge(s). |
|---|---|---|---|---|

B. Summary of inmate statement:

Inmate Luna acknowledged he understood his rights before the DHO and was ready to proceed with the hearing. Inmate Luna presented no documents for the DHO to consider. Inmate Luna testified that Section 11 of the incident report is not accurate. Inmate Luna testified, It was staff's fault. Staff put those inmates in the rec cage with me and Reyes on purpose. My actions during the incident were in self-defense. Inmate Luna made no complaints of procedural errors during the hearing.

C. Witness(es):

| | | Yes: | XX | No: | |
|---|---|---|---|---|---|
| 1. The inmate requested witness(es). | | | | | |

(Exhibit A)

| DISCIPLINE HEARING OFFICER REPORT<br>U.S. DEPARTMENT OF JUSTICE | BP-S305.052 MAY 94<br>FEDERAL BUREAU OF PRISONS |
|---|---|

2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.)

At the time he appeared before the UDC, inmate Luna requested inmate Reyes #30105-280 as a witnesses in this case, to present testimony to the effect, "we were placed into the wrong rec cage", regarding the incident report. Inmate Reyes stated, "Staff put those inmates in the rec cage with me and Luna on purpose".

3. The following persons requested were not called for the reason(s) given.

N/A

| 4. Unavailable witnesses were requested to submit written statements and those statements received were considered. | Yes | | No | | N/A | X |
|---|---|---|---|---|---|---|

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

Memorandum from N. Carper dated 06-25-2013, prepared with regard to inmates Medina, Nabor 31547-013; Manriquez, Bruno 60095-065; Reyes, Roberto 30105-280; Rivera-Espinoza, Rodriguez 60594-097; and Luna, Michael 36954-280 following the incident. The officers' statements corroborate the report by the reporting officer inmate Luna was involved in a fight.

Federal Bureau of Prisons Health Services Clinical Encounter forms, dated 06-25-2013, prepared with regard to inmates Manriquez, Bruno; Medina, Nabor; Reyes, Roberto; Rivera-Espinoza, Rodriguez; and Luna, Michael, following the incident. These forms document; the inmates sustained injuries consistent with being in a fight with each other.

Photographs of inmates Manriquez, Bruno; Medina, Nabor; Reyes, Roberto; Rivera-Espinoza, Rodriguez; and Luna, Michael, taken following the incident. These photographs document visually the injuries sustained by both inmates during the incident, and supports and corroborates the Federal Bureau of Prisons Health Services Clinical Encounter form, dated 06-25-2013, prepared with regard to inmates Manriquez, Bruno; Medina, Nabor; Reyes, Roberto; Rivera-Espinoza, Rodriguez; and Luna, Michael; following the incident.

Video footage of the incident, recorded by the video camera surveillance system which provides visual documentation which corroborates the report by the reporting officer Manriquez, Bruno; Medina, Nabor; Reyes, Roberto; Rivera-Espinoza, Rodriguez; and Luna, Michael; were fighting.

Witness statement from officer R. Weaver who stated, "Inmates Manriquez #60095 - 065 and Medina #31547 - 013 told me they were not good to go into the rec cage. When they told us that, we called back to the block to verify they were compatible to enter the rec cage. We received verification that it was okay for the inmates to enter the rec cage, so I escorted them into the cage and walked to the other side of the recreation yard. They called for assistance, but I did not witness the fight. I found out later that the inmates were not compatible to go into the rec cage together. I did not know the mistake was made, until after the fight".

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

**IV. FINDINGS OF THE DHO**

    A. The act was committed as charged.

**DISCIPLINE HEARING OFFICER REPORT**
**U.S. DEPARTMENT OF JUSTICE**

**BP-S305.052 MAY 94**
**FEDERAL BUREAU OF PRISONS**

| X | B. The following act was committed: | 201 |
|---|---|---|
| | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. | |

**V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)**

The DHO finds you committed the prohibited act Code 201, Fighting with another Person, while incarcerated at USP Lewisburg on 06-25-2013.

The DHO relied on the written report of Officer D. Campbell, wherein he reports on 06-25-2013 at 8:54 am, he observed the following inmates involved in a physical altercation: Medina, Nabor 31547-013; Manriquez, Bruno 60095-065; Reyes, Roberto 30105-280; Rivera-Espinoza, Rodriguez 60594-097; and Luna, Michael 36954-280. Specifically, while walking by Rec Cage #4, he observed all the inmates involved in a physical altercation with one another striking each other about the head and torso with closed fists. At that time, he called Control for assistance. He then ordered all the inmates to cease their actions to which they continued to fight. He then deployed one (1) second burst from his MK-4 O.C. dispenser with negative results. He again ordered the inmates to cease fighting to which they refused. He then administered a second (2) second burst from his MK-4 O.C. dispenser with negative results. At this time, the Activities Lieutenant and several staff arrived on scene.

The DHO also relied on the aforementioned documentary evidence to include a memorandum and a witness statement from staff eyewitnesses, injury assessments, photographs, and video evidence which provide evidence you committed the prohibited act in this case.

You denied the charge, and presented as your defense that the incident was staff's fault, that staff placed inmates who were your enemies into the rec cage with you on purpose, and that your actions during the incident were in self-defense. The DHO gave greater weight to the reporting officer's written statement that he observed you fighting, than to your claim your actions during the incident were staff's fault and were in self-defense. This is based on the fact the reporting officer documented he observed you in a physical altercation with other inmates striking each other about the head and torso with closed fists; Chemical munitions were deployed during the incident; The responding Lieutenant observed you fighting and also expended chemical munitions; The video evidence reveals you were observed fighting by striking other inmates about the head and torso with closed fists; The injuries that you and your cellmates sustained during the incident are consistent with you being in a fight; The DHO has considered your testimony that staff knowingly placed the inmates that you fought with in the recreation cage with you, and gives your claim very little weight in your defense. Although staff mistakenly placed the inmate's that you fought with in your recreation cage, you are solely responsible for your actions and have not convinced the DHO your allegations staff were aware you were experiencing problems with the inmates, would pardon your actions during the incident. The DHO recognizes your attempt to minimize your conduct during the incident, by blaming staff for your actions, and as your attempt to avoid the consequences of your actions; The DHO considered your claim that your actions during the incident were in self-defense, but gives your claim very little weight to your claim. The DHO contends if your actions were in self-defense, you would have not continued to fight as documented in section 11 of the incident report, and as visually depicted on the video evidence of your actions in this case; You have submitted no evidence to support your claim you were not fighting.

You called inmate Reyes as a witness. Reyes stated staff put inmates in the rec cage with he and you on purpose. The DHO considered this inmate witness's testimony, but found his testimony offered very little weight in your defense.

Based on the eyewitness written account of the reporting officer where you were observed fighting with your cellmates, the supporting statement by a staff witness stating you were observed fighting with your cellmates, and the documentary evidence which corroborates the reporting officer's statement you were fighting with your cellmates, the greater weight of

| DISCIPLINE HEARING OFFICER REPORT | BP-S305.052 MAY 94 |
| U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |

the evidence supports you did, in fact commit the prohibited act code 201, Fighting, of the inmate discipline policy.

## VI. SANCTION OR ACTION TAKEN

CODE: 201

Disallow Good Conduct Time: 27 days
Disciplinary Segregation: 30 days
Loss of Commissary Privilege: 90 days, suspended 180 days pending clear conduct
Loss of Telephone Privilege: 90 days, suspended 180 days pending clear conduct
Loss of Visiting Privilege: 90 days

## VII. REASON FOR SANCTION OR ACTION TAKEN

Fighting in a correctional institution inherently jeopardizes the security and good order of the institution.  The rationale for the sanctions imposed in this case, therefore, is to punish the inmate for his misconduct, which is viewed as having an adverse effect on the security and orderly operation of the institution, as well as to deter future misconduct. Disciplinary segregation is imposed as punishment for the misconduct.  Disallowed Good Conduct Time is imposed to demonstrate that engaging in misconduct will prolong inmate Luna's period of incarceration.  Loss of visiting privileges are imposed to demonstrate that engaging in misconduct will result in the loss of pleasurable privileges while incarcerated. In order to strengthen their deterrent factor, the DHO has also imposed, but suspended, a 90 day loss of telephone and commissary privileges. The inmate was informed he must maintain clear conduct for the next 180 days to avoid suffering these consequences.

## VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action.  The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure.  A copy of this report has been given to the inmate.

| | Yes | X | No | | |

## IX. DISCIPLINE HEARING OFFICER

| Printed Name of DHO | Signature of DHO | Date |
| A. Jordan, DHO | | 7/31/13 |
| Report delivered to inmate: | Signature  L Black | Date 7/31/13 |

# DIANAssociates

PRIME : EMTEC

UNIVERSITY OF MARYLAND

RADIOLOGY REPORT

**PATIENT NAME:**       LUNA MICHAEL

**DATE OF BIRTH:**

**PATIENT NUMBER:**     36954-280

**REF. PHYSICIAN:**     EDINGER

**INSTITUTION NAME:**   USP LEWISBURG

**EXAM DATE:**          2013/06/25 09:58

**OBSERVATION DATE:**   2013/06/25 10:41

**EXAM TYPE:**          CHEST- MASS ON UPPER RIGHT CHEST CHEST

**READING RADIOLOGIST:** Aletta Ann Frazier                    MD

**HISTORY and STUDY COMMENTS**

CHEST- MASS ON UPPER RIGHT CHEST Chest

**FINDINGS AND CONCLUSION**

Negative except for: asymmetric 1 st costosternal jct calcification

Findings and Conclusion ---------------------- Negative except for: asymmetric 1 st costosternal jct calcification

( Exhibit B )

# DIANAssociates

PRIME : EMTEC
UNIVERSITY OF MARYLAND
RADIOLOGY REPORT

**PATIENT NAME:**       LUNA MICHAEL

**DATE OF BIRTH:**

**PATIENT NUMBER:**     36954-280

**REF. PHYSICIAN:**     EDINGER

**INSTITUTION NAME:**   USP LEWISBURG

**EXAM DATE:**          2013/06/25 09:20

**OBSERVATION DATE:**   2013/06/25 09:41

**EXAM TYPE:**          SKULL- I/M WAS HIT IN THE HEAD SKULL

**READING RADIOLOGIST:** Michelle Forman                    , MD

**HISTORY and STUDY COMMENTS**

SKULL- I/M WAS HIT IN THE HEAD Skull

**FINDINGS AND CONCLUSION**

Negative except for: limited eval of osseous & soft tissues with radiograph for head trauma

Findings and Conclusion ---------------------- Negative except for: limited eval of osseous & soft tissues with radiograph for head trauma

# Bureau of Prisons
# Health Services
# Clinical Encounter

| | | | | |
|---|---|---|---|---|
| Inmate Name: | LUNA, MICHAEL JR | | Reg #: | 36954-280 |
| Date of Birth: | 12/26/1963 | Sex: M   Race: WHITE | Facility: | LEW |
| Encounter Date: | 06/25/2013 10:54 | Provider: Edinger, Andrew MD | Unit: | C02 |

Emergency encounter performed at Health Services.

**SUBJECTIVE:**

**COMPLAINT  1**      **Provider:** Edinger, Andrew MD

**Chief Complaint:** Altercation/Fight

**Subjective:**     Inmate was involved in a Rec. cage fight/assault.  He was brought to the Urgent care room
somewhat dazed and bleeding from multiple scalp lacerations.  He was able to give his name,
but did not initially know what happened, or where he was.

**Pain Location:**

**Pain Scale:**

**Pain Qualities:**

**History of Trauma:**

**Onset:**

**Duration:**

**Exacerbating Factors:**

**Relieving Factors:**

**Comments:**

**OBJECTIVE:**

**Pulse:**

| Date | Time | Rate Per Minute | Location | Rhythm | Provider |
|---|---|---|---|---|---|
| 06/25/2013 | 10:56 LEW | 110 | | | Edinger, Andrew MD |

**Respirations:**

| Date | Time | Rate Per Minute | Provider |
|---|---|---|---|
| 06/25/2013 | 10:56 LEW | 24 | Edinger, Andrew MD |

**Blood Pressure:**

| Date | Time | Value | Location | Position | Cuff Size | Provider |
|---|---|---|---|---|---|---|
| 06/25/2013 | 10:56 LEW | 164/91 | | | | Edinger, Andrew MD |

**SaO2:**

| Date | Time | Value(%) | Air | Provider |
|---|---|---|---|---|
| 06/25/2013 | 10:56 LEW | 98 | Room Air | Edinger, Andrew MD |

**Exam:**

**General**

**Appearance**

Yes: Alert and Oriented x 2, Disheveled

**Nutrition**

Yes: Appears Obese

No: Normal

Initially oriented tp person only, then oriented to person and place.

**Skin**

**Wound**

Yes: Wounds present, Full Thickness, Denuded Tissue

| | | | | |
|---|---|---|---|---|
| Inmate Name: | LUNA, MICHAEL JR | | | Reg #: 36954-280 |
| Date of Birth: | 12/26/1963 | Sex: M | Race: WHITE | Facility: LEW |
| Encounter Date: | 06/25/2013 10:54 | Provider: | Edinger, Andrew MD | Unit: C02 |

**Exam:**

**Trauma**
Yes: Hematoma, Ecchymosis

**Head**
**General**
Yes: Laceration(s), Contusion(s)

5 Separate scalp lacerations present:  1.  8cm linear laceration just left of midline in the frontal/sagital scalp, through epidermis and into the dermis;  2.  8cm linear laceration parallel to the first and 1.5cm lateral to the first, through the epidermis and into the dermis;  3.  Stellate 12cm laceration in the left, parieto-occipital region, extends through the sub-cutaneous tissue. (This appears to be a flap wound but there is no exposed skull or galea aponeurotica)  4.  2.5cm curvi-linear laceration to the left scalp above the left pinna;  5.  1cm laceration between #2 and #4.

**Eyes**
**Periorbital/Orbital/Lids**
Yes: Edema/Swelling R, Contusion(s) R

**Conjunctiva and Sclera**
Yes: Hyperemia R

**Fundus Exam**
Yes: Hemorrhage-Intraretinal R
No: Grossly Normal Retina R

There appears to be a small linear hemorrhage at the optic disc.  (I do not think that this is related to the trauma.)  Normal venous pulsations noted.  (Undilated exam)

**Ears**
**Tympanic Membrane**
Yes: Normal

**Nose**
**General**
Yes: Nares Patent

**Face**
**General**
Yes: Ecchymosis, Trauma

**Sinus/Maxilla**
Yes: Maxillary Sinus Tenderness R

**Mandible**
Yes: Normal Range of Motion

Ecchymosis and contusion to the Right Zygoma and the bridge of the nose.

**Mouth**
**Mucosa**
No: Erythema, White Plaques, Dryness

**Neck**
**General**
Yes: Supple
No: Lymphadenopathy

**Pulmonary**
**Observation/Inspection**
No: Respiratory Distress, Tachypnea, Hyperventilation, Stridor, Accessory Muscle Use

**Thorax**
Yes: Normal Diaphragmatic Excursion, Tenderness on Palpation
No: Subcutaneous Emphysema

| | | | | |
|---|---|---|---|---|
| Inmate Name: | LUNA, MICHAEL JR | | | Reg #: 36954-280 |
| Date of Birth: | 12/26/1963 | Sex: M | Race: WHITE | Facility: LEW |
| Encounter Date: | 06/25/2013 10:54 | Provider: | Edinger, Andrew MD | Unit: C02 |

**Exam:**

Sternum and left pect. major are mildly tender; there is a contusion to the left clavicle region with modest swelling; there is ecchymosis at the left axilla

**Cardiovascular**
  **Auscultation**
    Yes: Regular Rate and Rhythm (RRR), Normal S1 and S2
    No: M/R/G

**Peripheral Vascular**
  **General**
    No: Varicosities, Non-Pitting Edema, Pitting Edema

**Abdomen**
  **Auscultation**
    Yes: Normo-Active Bowel Sounds
  **Percussion**
    No: Tympany, Dullness
  **Palpation**
    Yes: Tenderness on Palpation, LUQ Tenderness

    Very mild tenderness; the spleen tip is palpable in the LUQ with deep inspiration;  No overlying skin changes

**Musculoskeletal**
  **Shoulder**
    No: Normal Exam
  **Knee**
    No: Normal Exam L

    Contusion over the right scapula; abrasion over the left patella

**Neurologic**
  **Cranial Nerves (CN)**
    Yes: CN 2-12 Intact Grossly
  **Coordination - Gait**
    Yes: Normal Gait
  **Glascow Coma Scale**
    Yes: GCS 12+
  **GCS-Eye Opening Response**
    Yes: Spontaneous-Open With Blinking At Baseline-4 pts
  **GCS-Verbal Response**
    Yes: Confused Conversation-can answer questions-4 pts
  **GCS-Motor Response**
    Yes: Obeys Commands for Movement-6 points
  **Level of Consciousness**
    Yes: Alert and Oriented x 2
    No: Lethargic, Obtunded, Stuporous

    It appears that he lost consciousness and had some peri-event amnesia.

**ASSESSMENT:**

Concussion, unspecified, 850.9 - Current, Temporary/Acute, Initial

Head, open wound, complicated, 873.9 - Current, Temporary/Acute, Initial

| Inmate Name: | LUNA, MICHAEL JR | | | Reg #: | 36954-280 |
|---|---|---|---|---|---|
| Date of Birth: | 12/26/1963 | Sex: | M   Race: WHITE | Facility: | LEW |
| Encounter Date: | 06/25/2013 10:54 | Provider: | Edinger, Andrew MD | Unit: | C02 |

**PLAN:**

**New Radiology Request Orders:**

| Details | Frequency | End Date | Due Date | Priority |
|---|---|---|---|---|
| General Radiology-Chest-2 Views, General Radiology-Skull-General | One Time | | 06/25/2013 | Today |

     **Specific reason(s) for request (Complaints and findings):**

        Inmate involved in an assault; he has multiple scalp lacerations; the largest is in the posterior parietal/occipital region on the left; also has a large contusion to his left anterior chest

**Procedures**

    **Laceration Repair**

        Diagnosis

            Complications, Any? none

            Post-procedure/Post-op, Diagnosis Multiple Scalp lacerations

            Pre-procedure/Pre-op, Diagnosis Multiple scalp lacerations

        Anesthesia

            1% Lidocaine with epinephrine, ML 6ml

        Assistants

            Assistant 1, Name Zimmerman

        Location

            Head

            Scalp

        Preparation

            Area prepped with Povidone

        Repair

            Skin

        Closure Material

            Staples

**Disposition:**

    Follow-up at Sick Call as Needed

    Follow-up at Chronic Care Clinic as Needed

**Other:**

    The greatest concern at this point is the mental status change.  I suspect that this is peri-event amnesia.  I am recommending monitoring for further change today.  If he does not exhibit any changes, then he can remain at the institution.

**Patient Education Topics:**

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|
| 06/25/2013 | Not Done | | Edinger, Andrew | No Participation |

| | | | |
|---|---|---|---|
| Inmate Name: | LUNA, MICHAEL JR | | Reg #: 36954-280 |
| Date of Birth: | 12/26/1963 | Sex: M   Race: WHITE | Facility: LEW |
| Encounter Date: | 06/25/2013 10:54 | Provider: Edinger, Andrew MD | Unit: C02 |

**Copay Required:** No          **Cosign Required:** No
**Telephone/Verbal Order:**   No


Completed by Edinger, Andrew MD on 06/25/2013 11:29

BP-S288.052   INCIDENT REPORT FORM
MAY 1994
U.S. DEPARTMENT OF JUSTICE                 #2460663                 FEDERAL BUREAU OF PRISONS

---

1. Name Of Institution: USP Lewisburg

### Part I - Incident Report

| 2. Name Of Inmate<br>Luna, Michael | 3. Register Number<br>36954-280 | 4. Date Of Incident<br>6-25-2013 | 5. Time<br>8:54 AM |
|---|---|---|---|
| 6. Place Of Incident<br>East Rec Pen #4 | 7. Assignment<br>unassigned | 8. Unit<br>C- Block | |

9. Incident: Fighting with another person   10. Code: 201
             Refusing an Order.                        307

---

11. Description Of Incident: (Date: 6-25-2013 Time: 8:54 am, staff became aware of the incident.)
On the above date and time I observed the following inmates involved in a physical altercation:
Medina, Nabor 31547-013, Manriquez, Bruno #60095-065, Reyes, Roberto #30105-280, Rivera-esp,
Rodriguez #60594-097 and Luna, Michael #36954-280.  Specifically, while walking by Rec Cage
#4 I observed all the inmates involved in a physical altercation with one another striking
each other about the head and torso with closed fists.  At that time I called Control for
assistance.  I then ordered all the inmates to cease their actions to which they continued
to fight.  I then deployed one(2) second burst from my MK-4 O.C. dispenser with negative
results.  I again Ordered the inmates to cease fighting to which they refused.  I then
administered a second (2) second burst from my MK-4 O.C. dispenser with negative results.
At this time the Activities Lieutenant and several staff arrived on scene.

| 12. Signature Of Reporting Employee | Date And Time<br>6-25-2013/<br>10:20 AM | 13. Name And Title (Printed)<br>D. Campbell, S.O.S. | |
|---|---|---|---|
| 14. Incident Report Delivered To Above Inmate By | | 15. Date Incident<br>Report Delivered<br>6/25/13 | 16.time Incident<br>Report Delivered<br>10:59 |

### Part II - Committee Action

17. Comments Of Inmate To Committee Regarding Above Incident
    Inmate Luna, Michael #36954-280 was advised of his rights, and he verbally stated that he
understood these rights. During the UDC review the above named inmate ~~had no comment towards~~
~~this report~~ made the following statement: "It was the officers that put us in the wrong
cage".

| 18. A. It Is The Finding Of The Committee That You:<br>_____ Committed The Following Prohibited Act.<br><br>_____ Did Not Commit A Prohibited Act. | B. __xx__ The Committee Is Referring The Charge(s) To The DHO For Further Hearing.<br>C. _____ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 15 Calendar Days. |
|---|---|

19. Committee Decision Is Based On The Following Information
    If found guilty of the alleged violation, the seriousness of the charge warrants
    consideration for sanctions higher than available to the UDC.

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding
inmate committed prohibited act)
    The Committee recommends the appropriate sanctions for charge

---

21. Date And Time Of Action  6/26/13   10:42 AM   (The UDC Chairman's Signature Next To
His Name Certifies That He Sat On The UDC And That The Completed Report Accurately Reflects
The UDC Proceedings.)

K.A. Metzger, M.
Chairman (Typed Name/Signature)   _____ Member (Typed Name)   _____ Member (Typed Name)

---

Record Copy - Central File Record; Copy - DHO; Copy - Inmate After UDC Action;   Copy - Inmate
Within 24 Hours Of Part I Preparation                            (Exhibit C)

**LUNA, Michael**
Reg. No. 36954-280
Appeal No. 748996-R1
Page One

---

### Part B — Response

You appeal the July 10, 2013, decision of the Discipline Hearing
Officer (DHO) at USP Lewisburg finding you committed the
prohibited act of Fighting, Code 201, Incident Report No.
2460663.  You contend you were supposed to have been kept
separate from the inmates you fought.

A thorough review of the record revealed questions concerning
the disciplinary process.  Based on this review, it was
determined this action and the sanctions imposed will be
expunged from your disciplinary record.  Accordingly, your
appeal is granted.

Date: October 22, 2013

J. L. NORWOOD
Regional Director

( Exhibit D )

RECEIVED
Warden's Office

OCT 2 5 2013

**U.S. Department of Justice**

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Michael Luin Jr.      36954-280      USP/ S.M.U Lewisburg      USP/ SMU
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** I am placing this appeal once again Do to the fact that I wrote and sent one on 7-29-13 and never recieved a response from Region and Although I've decide to come to Region once again. I'll also be heading to Washington with all copies of my filings Therefore, the reason for this appeal is for incident report #2460663 which occured on 6-25-13 here at Lewisburg USP/S.M.U. On this date Officers here assigned to recreation two only placed 3 known Separatees in a rec cage with me and my cellie Roberto Reyes even after being told by inmates involved in said incident to Officers that we weren't compatible to rec together because we are known Separatees and affiliated with different Disruptive Groups. In the D.H.O. report Section D.' Officer R. Beaver stated: That inmates Manriquez #60577-065 and Medina #31547-013 told him they didn't belong in same rec cage with me and my cellie. Then went on to say that he recieved verification

9-4-13
DATE

Michael Luin Jr. #36954-280
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

---

DATE

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

REGIONAL DIRECTOR

CASE NUMBER: 748996-R1

---

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

DATE             SIGNATURE, RECIPIENT OF REGIONAL APPEAL

PRINTED ON RECYCLED PAPER

BP-230(13)
JUNE 2002

UPN LVN

from Officer Stevec that they are in fact compatible to be placed in rec. cage with us. Officer R. Weaver then stated; That he found out later that these inmates after verbally letting him know that they did not belong in the cage with us. Note: Both inmates let know through Word of mouth, ahead of time. That they did not belong in the cage with us" Therefore, officers here at Lewisburg USP/SMU. wrongfully acted and knowly neglected written rules stated in accordance with Program Statement 5180.05 Central Inmate Monitoring System / CIM Assignment Categories section 542.72(d) Disrupting Groups and (l) Separation. The S.M.U. is governed by P.S. 5217.01 Special Management Unit. Note: That there is no written policy but there is a pattern and series of incidents in which to support this general allegation." If a prisoner get into a verbal altercation or through other means becomes to be in bad standing with a correctional officer. They deliberately and intentionly disregard the Separatee and place you in a cage with a rival group so that corporal punishment may be imposed." Furthermore I have fallen victim to this practice and the use of force was more than Deminimus. I sustained critical life threating injuries. I was savagely beaten on the head to the point of unconsciousness resulting in a fractured skull in which split open that required over/about 50 stitches to mend, A bruised and swollen face that required (2) teeth to be removed. Hence the body tech served blows as well. Thus irreparable damages in the form of psychological and emotional injuries. I would I would also like to state: That video tapes of this incident will also prove that me and my cellmate in fact tried to make peace with both inmates Marliquez and Medina by talking and shaking their hands. It wasn't until me and my cellmate tried to make our way to the rec cage door to tell Officers that we did not belong in the cage with these inmates because of the Separatee and differences in affiliation. That the rec Officer continued to allow and placed the third inmate Rivera Rodriguez" 60594-097 into the cage and he immediately attacked my cellmate. Thereby, placing us in immediate danger and fear for our lives. Hence, throwing us in a position to commit Code 201. Therefore, do to all evidence pertaining to this incident report #2460663 I would like to pray upon the Regional Committee to expunge this incident report #2460663 from my file including all sanctions pertaining to this report. Enclose is also a copy of the BP-10 I sent to Region on 7-29-13 and never recieved a response.

Respectfully Submitted
And Sent on 9·4·13

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br><br>Director Tort Branch<br>Civil Division<br>U.S. Department of Justice<br>Washington, DC 20530 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)<br><br>Michael Luia Jr. "36954-280<br>U.S.P Lewisburg S.M.U.<br>P.O. Box 1000<br>Lewisburg PA 17837 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☐ CIVILIAN | 4. DATE OF BIRTH<br>12-26-63 | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT<br>6-25-13 | 7. TIME (A.M. OR P.M.)<br>9:34 am |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.) I am placing this claim. Do to An accident that took place on the Rec yard in Cage 4 on 6-25-13 at about 9:34am Basicly on the Negligent Wrongful Acting And Omitting of various Employees here at Lewisburg U.S.P. S.M.U. Placing my life in danger and causing me severe head injuries and trama. As well as psychological and mental distress.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT I was sent to infirmary with injuries that required something like (6) stitches that start from the back of my head in the back. I also lost (2) back teeth. One I pull out myself. The other was pulled out in the infirmary about 2 week later. I'm still getting real bad migraines and dizzy spells on occasions. Do to injuries.

| 11. | | WITNESSES | |
|---|---|---|---|

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Roberto Reyes "30105-280 | U.S.P Lewisburg (S.M.U.)<br>P.O. Box 1000<br>Lewisburg, PA, 17837 |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY<br>Multi stitches to head<br>(2) teeth lost in mouth<br>Psycological and Mental | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>$350,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>Michael Luia Jr. "36954-280 | 13b. Phone number of signatory<br>N/A | 14. DATE OF CLAIM<br>02-28-2014 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM<br>The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS<br>Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |
|---|---|

| 95-108<br>Previous editions not usable | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. 7-85)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

( Exhibit E )

These are the facts and circumstances leading up too and after the incident to the best of my knowledge. I was ordered placed and recieved here at Lewisburg (S.M.U.) Program on 4-29-13. Since receiving here at Lewisburg. I have come to the conclusion that this is a "Separate Program". This is back up by a written "Program Statement" stating: Futhermore, the s.m.u. houses an immense number of inmates with an enormous amount having an affiliation to a particular group. Therefore, inmates are classified and permanent separation orders are place against rival groups. In accordance, with Program Statement 5180.05 Central Monitoring System (CIM Assignment Categories section 542.72 (d) Disruptive Group and(5) Separation. The (SMU.) is governed by P.S. 5217.01 Special Management Unit (S.M.U.) Thereby, designed to keep certain individual and groups "Separated" from one another. Therefore, I am placing this claim as Federal Employees for Intentional Negligent / Neglect, Wrongful Act, and Omitting of duties.

On 6-23-13 Inmates namely: Medina #31547-013, and Marrero #60095-066. That live on my cell block. Although, I have no affiliation with engage in a very disrespectfully alteration with (2) particular officers. Then on 6-24-13 (2) Correctional officers escorting Me and my cellmate to recreation. Tried to place us with the (2) inmates that instigated the verbal alteration in hopes that we would impose a corporal punishment on them for their personal gain. However, associates of mine interceded on my behalf and told the C.O. that we belonged in the rec cage with them. So the C.O. complied and placed Me and my cellmate in the rec cage with my party.

Then on 6-25-13 the C.O. that took the verbal alteration personal took the initiative and with the rec roster that clearly specifies who has "Separatee" against whom and assigned. I've always rec'ed with my associates and never with whom I have "Separatee" with.

Therefore, on this particular day Me and My cellmate got separated from our associates and intentionally got placed in a rec cage by ourselves. Although, since the rec cage in question was empty at the time. My cellmate and I decided to enter the cage without argument. About (5) minutes

-1-

later C.O's escorting inmates to recreation proceeded to bring 4 known Separate of ours and place them in the rec. cage with us. While the C.O.'s attempted to place both inmates that instigated the altercation with the C.O. that took it personal. It's clearly stated on record and documented in the disciplinary report that they told the C.O. that was escorting them to rec that they were not in good standing to enter the rec cage with Me and my cellmate. The C.O. made a call to the C.O. that was responsible for rec Assignment that day which was the above mentioned C.O. and he told him they were compatible to rec. with Me and my cellmate. "When clearly they weren't".

In support to this accusation, I would like to bring your Attention and "Quote" the C.O.'s statement. Which is stated in the disciplinary report section (D) which states: Witness statement from officer R. Weaver who stated: Inmates Medina # 31547-013, and Manriquez # 60095-065 told me they were not good to go into the rec. cage. When they told us that we called back to the block to verify if they were compatible to enter the rec. cage. We recieved verification that it was okay for the inmates to enter the rec. cage. So, I escorted them into the cage and walked to the other side of the recreation yard. They called for assistance but I did not witness the fight. I found out later that the inmates were not compatible to go into the rec cage together. I did not know the mistake was made until after the fight."

Note: Officer R. Weaver ends his statement "I did not know the mistake was made until after the fight". Yet starts his statement by stating: "That both inmates Medina and Manriquez told me they were not good to go into the rec. cage with me and my cellmate." This is a complete contradiction of said statement from beginning to end. I would also like to state that by using the words "We and Us". Is an admition that more than a few employees had knowledge of what was happening/about to happen.

Furthermore, upon them entering the cage Me and my cellmate walked up to them shook hands and declared peace. The C.O.'s

-2-

continued to being yet a third inmate that was clearly a permanent "Separatee" of both Me and my cellmate. Namely: Rivera-Espinoza Rodriquez # 60594-097. When he entered the rec cage he immediately attacked my cellmate and the (2) inmate that told the C.O. that they were not compatible to rec with Me and my cellmate followed suit with the inmate that attacked my cellmate. At which time it became (3) on (2) a full pledge brawl erupted. As the fighting intensified the C.O.'s proceeded to shoot us with MK-40.C. at this point the C.O.'s rushed the cage to restore order with their batons. In between, the "Excessive Force" by the correctional officers and the blows by the "Separatees". I was savagely beaten on the head to the point of unconsciousness and regained my senses in the infirmary.

Although, there is no formal written policy. But there is a pattern and series of incidents in the past, present, and I'm sure future. Inwhich, support this general allegation. "If a prisoner gets into a verbal altercation or through other means becomes to be in bad standing with a correctional officer / employee. They deliberately and intentionally disregard the "Separatee" and place inmates in a rec cage with a rival group so that corporal punishment may be imposed.

Through, this practice by Federal Officers / Employees of Negligent, Wrongful Acting, and Omitting. I have falling victim to this practice and was savagely beaten on the head to the point of unconsciousness resulting in a fractured skull. Inwhich, split open and required a multitude of stitches between (25) to (50) to amend, a bruised and swollen face that required (2) teeth to be removed. Hence, the body took a severe beating as well. Thus, irrepairable damage in the form of psychological and emotional injuries.

Although, I understand that this case. I'm going to cite isn't primary mandatory authority in this jurisdiction. But I would like to illistrate it. Jensen v. Clarke, 94 F.3d 1191, 1197 (8th Cir 1996). (Finding that prison officials who knew that violence in the prison was frequent and regular but did not use available classification

information to try to assign compatible prisoners as cellmates were deliberately indifferent to the increased risk of violence arising from random cell Assignments). You can construe the application of the rule of law of that case to the facts of my particular circumstances. There is a record that includes video, pictures, medical records, and I have all relevant names of the individuals involved.

In addition, to this contentious issue. I recieved a disciplinary report. I was found guilty of Code 201- (fighting with another person). In the disciplinary report a C.O. admitted that (2) inmates told him they were not good to go into the cage. Yet, he ordered them into the cage anyway. He also admitted that the C.O. responsible for rec Assignment that day wrongful verified that the inmates were compatible to enter the rec cage. He also stated; that he did not know the mistake was made until after the fight. Although (2) inmates clearly stated to him that they were not in good standing to enter the rec. cage with inmates that occupied the cage./When I asked disciplinary officer Mr A Jordan. How was it that he can find us guilty of defending ourselves and not see the wrong that his officers committed. He stated: "That he could only punish us for/ hold us responsible for our actions. Although, he could not hold his officers responsible for their actions. Yet in "Part III section B") of disciplinary report states. Inmate Luna made no complaints of procedural errors during the hearing/ Notes" That after appealing my incident report # 2460663. Appeal No. 748996-R1. Regional Director J.L Norwood. expunged my incident report by stating; in Part B: "Response:" A thorough review of the record revealed questions concerning the disciplinary process. Based on this review it was determined this action and sanctions imposed will be expunged from your disciplinary record. Accordingly, your appeal is granted.

Thus, my facts are unique and compelling in the interest of Justice. They are a symbol of not only An "Unlawful Assault". In which, could of resulted in my death but the capacity of our system of criminal justice to redress it's own wrongs.

Respectfully Submitted

Michael Luna Jr.

-4-



**U.S. Department of Justice**
Federal Bureau of Prisons
*Northeast Regional Office*

---

*U.S. Custom House-7th Floor*
*2nd & Chestnut Streets*
*Philadelphia, PA. 19106*

February 28, 2014

Michael Luna, Reg. No. 36954-280
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

Re:  Administrative Claim Received February 28, 2014
     Claim No. TRT-NER-2014-02679

Dear Mr. Luna:

    This will acknowledge receipt of your administrative claim for an alleged loss of personal property or personal injury suffered at USP Lewisburg.

    Under the provisions of the applicable federal statutes, we have six months from the date of receipt to review, consider, and adjudicate your claim.

    All correspondence regarding this claim should be addressed to Federal Bureau of Prisons, Northeast Regional Office, Room 701, U.S. Custom House, 2nd & Chestnut Street, Philadelphia, Pennsylvania 19106.  If the circumstances surrounding this claim change in any fashion, you should contact this office immediately.  Also, should your address change, you should advise this office accordingly.

                              Sincerely,

                              Michael D. Tafelski
                              Regional Counsel

( Exhibit 7 )



**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

---

*U.S. Custom House-7th Floor*
*2nd & Chestnut Streets*
*Philadelphia, PA 19106*

August 27, 2014

Michael Luna, Reg. No. 36954-280
USP Allenwood
P.O. Box 3000
Allenwood, PA  17887

    RE:  Administrative Claim No. TRT-NER-2014-02679

Dear Mr. Luna:

    Your Administrative Claim No. TRT-NER-2014-02679, properly received on February 28, 2014, has been considered for settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30.  Damages are sought in the amount of $350,000.00 based on a personal injury claim stemming from an alleged incident in the recreation cage at USP Lewisburg on June 25, 2013.

    An investigation provided insufficient evidence to support your claim.  There is no evidence to suggest that you suffered any injury as the result of negligence on the part of any Bureau of Prisons employee.  Accordingly, your claim is denied.

    If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this memorandum.

                     Sincerely,

                     Michael D. Tafelski
                     Regional Counsel

cc:  David J. Ebbert, Warden, USP Lewisburg

(Exhibit G)

Office of the Clerk,
United States District Court
Middle District of Pennsylvania
United States Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

Dated: October, 14, 2014

Re: Filing In Forma Pauperis
"Bivens v. The Unknown named Agents in Fed. Bureau of
Prisons; Federal Tort Claim Act"

Dear Clerk
        Enclosed for Filing Please! find the following
documents:

        1- Authorization Form.
        2- Application to Proceed In Forma Pauperis
        3- Complaint with Jury Demand
        4- Motion for Appointment of Counsel

As proof of receipt Please! place upon file mark on a copy
of this letter and return same in self addressed stamped
envelope enclosed for your convenience.

                        Sincerely
                        Michael Luna jr.
                        Michael Luna Jr.

Michael Liana Jr  # 36954-280
United States Penitentiary Allenwood
P.O. Box 3000
White Deer, PA  17887-3000

OCT 16 2014

RECEIVED

PER
HARDIST

Legal Mail
Posted On
Oct. 14. 2014

MAILED FROM
U.S. PENITENTIARY